GEORGE A. LOVE and Others v. TOWN OF PRESTON and Others.[1]

December 2, 1910.

Nos. 16,736—(98).

**Village of Preston — town of Preston.**

- Under chapter 35, Sp. Laws 1889, the citizens of the village of Preston remain citizens of the townships in which they reside for all township purposes, and have in addition the powers and privileges of village citizens, and as such the right to vote at town meetings of their respective towns. It is *held*, the legislature created a dual municipality. The village is subject to the duty of constructing and maintaining its own roads and bridges. Its voters remain voters of the respective townships, entitled to vote at town meetings and to representation on the town board. The township had the power to levy, estimate, and collect taxes on the lands within the village for the construction and maintenance of roads and bridges within the township.

Action in the district court for Fillmore county by plaintiff, a resident freeholder and taxpayer of the village of Preston, in behalf of himself and others similarly situated who should come in and contribute to the expense of the action, against the village of Preston, the town of Preston, the town of Carimona, the town of Carrolton, the town of Fountain, and the county auditor and the county treasurer of Fillmore county. The complaint prayed for judgment declaring the village of Preston an independent and separate road district from the towns of Preston, Carimona, Carrolton and Fountain; that it be entitled to all money raised by taxation of property in the village limits for road and bridge purposes; that neither of the towns named had the right to vote any amount whatever for road or bridge purposes to be levied as a tax upon the personal property and the portions of the towns within the corporate limits of the village; that the double taxation was illegal and void; that the county auditor be

[1]Reported in 128 N. W. 673.

enjoined permanently from levying and extending upon the tax duplicate books of the county the amounts so voted in 1909 in said towns, respectively, to be used for road and bridge purposes in 1910, and certified by the towns to him as a tax upon the personal property, and on any portion of the said towns within the limits of the village; that the county treasurer be enjoined from collecting any portion of the amounts so voted in 1909 by said towns; that said towns be enjoined from voting any amount whatever in the future to be levied as a tax upon any portion of said towns within the limits of said village for road and bridge purposes.

Among other allegations, the complaint averred that ever since the incorporation of defendant towns and village each of the towns from year to year voted large sums for road and bridge purposes, and special amounts from time to time, to be levied as a tax upon the property in the town including that portion of the town within the limits of the village, that all such amounts had been assessed by the county auditor upon all the property of the town, including that within the limits of the village, to be used for road and bridge purposes outside the corporate limits of the village; that all such taxes so levied had been collected and paid over from year to year by the county auditor of the county to the respective town treasurers as the respective towns were entitled thereto, and used and expended by the receiving towns for road and bridge purposes in those portions of the towns outside the corporate limits of the village; and contained specific allegations of the amounts voted by each town in 1909.

From an order, Kingsley, J., overruling the demurrer of defendant towns to the complaint, they appealed. Reversed.

*John W. Hopp,* for appellants.

*H. S. Bassett* and *Ludvig Gullickson,* for respondents.

JAGGARD, J.

Plaintiff brought this action against the town of Preston and the auditor of Fillmore county to prevent the officials of the town from levying, extending and collecting a tax on property in the village limits for roads and bridges to be expended outside the village lim-

its but within the township limits. Various demurrers were interposed and overruled. This appeal was taken from the orders to that effect.

The substance of the present controversy arises from the following state of facts: The village of Preston was organized under chapter 35 of the Special Laws of Minnesota of 1889, (p. 612) and acts amendatory thereof. It was composed of territory a part of which was in each of the four defendant townships. The immediate question is whether the defendant township had authority to vote or levy taxes on property within the corporate limits of the village of Preston for the construction and maintenance of roads and bridges within the township, but beyond the city limits.

Under the charter of the village of Preston, "the citizens incorporated by this act shall be and remain citizens of the townships in which they reside, respectively, for all township purposes in addition to the powers and privileges conferred by this act." As such they had a right to vote at township meetings of their respective towns. The village was charged with the construction and maintenance of its own streets and bridges, and was responsible for injuries consequent upon neglect with respect thereto. No expense in connection therewith could be imposed upon the township. On the other hand, under the charter provision, such citizens remained citizens of the township, with the privilege of voting, inter alia, for the imposition of road and bridge taxes upon the township, and of representation on the town board. With that privilege went also the responsibility for the taxes imposed.

It is true beyond any controversy that the statutory construction should be adopted, if possible, which would avoid the double taxation thus imposed on property owners of the village. Board of County Commissioners of Rice County v. Citizens National Bank of Faribault, 23 Minn. 280. We are unable, however, to see how this may be done in the present instance. The statutory provision is clear; its construction necessary.

In McNeal v. Lippincott, 57 N. J. L. 540, 31 Atl. 399, a state of facts not distinguishable from those at bar was presented. It was there held that it was within the power of the legislature to

create such a dual municipality as was here created, to confer the power to tax here exercised. On the other hand, Bradish v. Lucken, 38 Minn. 186, 36 N. W. 454, involved a state of facts in many respects similar; but there, there was no charter provision corresponding to the one here, by which the citizens of the village remained citizens of the township for township purposes, with the right to vote. The village in that case was originally incorporated under Sp. Laws 1881, p. 106, c. 15. It is reincorporated under Laws 1885, p. 148, c. 145. We have been unable to find anything in that law or in the general law corresponding to this provision. Certainly section 43, (p. 167) which is relevant, does not contain it.

Defendant is not without an ultimate remedy in the premises. That remedy is not, however, an appeal to the courts, but is to be found in pursuing the legislative enactment on that subject; that is to say, under section 708, R. L. 1905, pertaining to separate election and assessment districts.

Reversed.